UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:13-cr-33-FtM-29DNF

DANIEL GLEN BALL

_____

### OPINION AND ORDER

This matter comes before the Court on defendant's renewed
motion for gain time (Doc. #48) filed on October 6, 2016.  On June
2, 2016, the Court issued an Order (Doc. #47) denying defendant's
letter motion for gain time because it was not clear that defendant
had fully exhausted his administrative remedies in the Bureau of
Prisons (BOP), and therefore the Court lacked jurisdiction.
Defendant states that he has in fact completed the process with
the BOP with no positive results, and essentially seeks renewed
consideration of the request for gain time.  Defendant states that
he is due to be transferred from his current facility to another
facility and will not have access to his records, and therefore he
seeks expedited consideration.

The process is well established.  Defendant must pursue
administrative remedies through the federal prison system, and if
dissatisfied with the result, administrative action may be taken.
United States v. Lucas, 898 F.2d 1554, 1555 (11th Cir. 1990).  See

also Title 28, Code of Federal Regulations, Section 542.15
providing that:

> An inmate who is not satisfied with the
> Warden's response may submit an Appeal on the
> appropriate form (BP-10) to the appropriate
> Regional Director within 20 calendar days of
> the date the Warden signed the response. An
> inmate who is not satisfied with the Regional
> Director's response may submit an Appeal on
> the appropriate form (BP-11) to the General
> Counsel within 30 calendar days of the date
> the Regional Director signed the response.
> When the inmate demonstrates a valid reason
> for delay, these time limits may be extended.
> Valid reasons for delay include those
> situations described in § 542.14(b) of this
> part. Appeal to the General Counsel is the
> final administrative appeal.

28 C.F.R. § 542.15(a). After exhaustion of administrative
appeals, "[a] claim for credit for time served is brought under 28
U.S.C. § 2241." United States v. Nyhuis, 211 F.3d 1340, 1345
(11th Cir. 2000). Section 2241 sets forth where such an
application would be filed based on the location of custody. 28
U.S.C. § 2241(d).

The attached exhibits show that defendant's grievance was
denied by the Warden on July 20, 2016, doc. 48-2, p. 9, and that
a grievance was lodged on August 2, 2016, id., p. 8, but no final
decision is reflected and defendant has not filed a 2241 petition.

Accordingly, it is hereby

**ORDERED:**

Defendant's renewed motion for gain time (Doc. #48) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of October, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record